Filed 5/22/26; certified for publication 6/12/26 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

| | |
|---|---|
| THE PEOPLE,<br>　　　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>JOSEPH CHARLES RUSSO,<br>　　　　Defendant and Appellant. | C103388<br><br>(Super. Ct. No. 24CF01675) |

　　　　Defendant Joseph Charles Russo[1] appeals the trial court's denial of his request for mental health diversion.  (See Pen. Code,[2] § 1001.36.)  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

　　　　At defendant's preliminary hearing there was evidence that in February 2024, defendant's mother told defendant to leave her property.  Defendant responded by punching his dog approximately 20 times, calling it racial slurs, and dragging it down the street.  When defendant's mother tried to call 911, defendant stated, "You better not be calling the cops on me, [b]itch.  I'll burn your fucking house down."

---

[1]　　　　Defendant's name appears in the record as both "Joseph Charles Russo" and "Joseph Russo."  We use defendant's name as it appears on the order being appealed.

[2]　　　　Further undesignated section references are to the Penal Code.

1

Defendant was charged with dissuading a witness by force or threat, cruelty to an animal, and possession of drug paraphernalia. It was further alleged defendant sustained a prior strike for first degree burglary in 2013.

On May 20, 2024, defendant filed a request for mental health diversion pursuant to section 1001.36. In support of this request, defendant attached his mental health diagnosis and treatment plan. Defendant was recommended for outpatient treatment with substance use disorder services to address his bipolar I disorder, posttraumatic stress disorder, methamphetamine use disorder, and cannabis use disorder. Defendant also provided an acceptance letter from an Adult and Teen Challenge residential program "that provides help to adults struggling with any life-controlling issues such as drugs and alcohol." (Capitalization omitted.) The program "teaches people how to discipline their lives spiritually, emotionally, and physically and become productive citizens in [the] community." Defense counsel's supplemental letter to the trial court supporting the request for diversion noted defendant previously attended an Adult and Teen Challenge program and "hop[es] to have a better exit strategy" upon his return.

The prosecution opposed mental health diversion because defendant was aware of his mental health disorders and "failed to maintain ongoing care to curb his criminality." In support of its opposition, the prosecution attached a 2021 presentencing report reflecting defendant completed an Adult Teen Challenge program in 2020 but relapsed shortly after. Subsequently, defendant violated his probation—due to possession of a firearm and methamphetamine—and failed to comply with a probation order to apply to a housing program.

The trial court tentatively denied defendant's request for mental health diversion on September 26, 2024. The trial court reviewed all filed documents, pretrial service reports, and the preliminary hearing transcript. The court then explained: Defendant was "admitted [into] prior mental health programs but he never gave a hundred percent. [¶] That he engaged in Adult and Teen Challenge one time before, relapsed shortly after his

2

completion. [¶] … [¶] [A]lthough he has successfully engaged in the Adult Teen Challenge … his sobriety … didn't hold up for very long … I don't think that he's a very good candidate for mental health diversion." The trial court also noted "concerns of public safety" based on defendant's prior strike.

The trial court affirmed its tentative ruling on January 7, 2025, finding, "Even though [defendant] may very likely qualify [for mental health diversion], he's certainly not a suitable candidate." The trial court considered defendant's failure to reform his behavior despite opportunities to receive drug and mental health treatment. Specifically, the trial court reiterated defendant's previous completion of an Adult and Teen Challenge program and found "he immediately went back to using methamphetamine [and] not taking his medication." Thus, the court concluded, "[T]he past portends the future, so [the c]ourt finds [defendant's] not suitable."

Defendant later pled no contest to dissuading a witness by force or threat and admitted the prior strike allegation. The prosecution dismissed the remaining charges. The trial court sentenced defendant to eight years in prison.

Defendant appeals.

DISCUSSION

Defendant contends the trial court abused its discretion by denying his request for mental health diversion because it applied the wrong definition of suitability. We disagree.

"Section 1001.36 authorizes pretrial mental health diversion for defendants with qualifying mental health disorders." (*People v. Whitmill* (2022) 86 Cal.App.5th 1138, 1147.) The trial court "may, in its discretion … grant pretrial diversion" if it finds the defendant eligible and "suitable" for diversion, based on the criteria set forth in section 1001.36, subdivisions (b) and (c) respectively. (§ 1001.36, subd. (a).) If the defendant is both eligible and suitable, the trial court must also be "satisfied that the recommended inpatient or outpatient program of mental health treatment will meet the

3

specialized mental health treatment needs of the defendant." (§ 1001.36, subd. (f)(1)(A)(i).) "This is not an additional eligibility or suitability requirement the defendant must meet. Rather … an ongoing assessment to assure that defendants will receive appropriate treatment for their particular conditions as part of the diversion program." (*Sarmiento v. Superior Court* (2024) 98 Cal.App.5th 882, 892.)

On appeal, we review the trial court's denial of mental health diversion for abuse of discretion. (*People v. Moine* (2021) 62 Cal.App.5th 440, 448.) "A court abuses its discretion when it makes an arbitrary or capricious decision by applying the wrong legal standard [citations], or bases its decision on express or implied factual findings that are not supported by substantial evidence." (*Id*. at p. 449.) Absent evidence to the contrary, we presume the court knew and applied the law. (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042.)

The trial court explicitly found defendant was "not suitable" for diversion. The trial court's reasoning, however, did not reflect consideration of the criteria for determining suitability. The trial court's analysis focused on the adequacy of defendant's proposed treatment. The trial court emphasized while defendant previously completed an Adult and Teen Challenge program, he immediately relapsed and failed to take his medication. Defendant also violated his probation and committed the present offenses after completing the program. But the suitability requirements do not include adequacy of the proposed treatment. (See § 1001.36, subd. (c).) Whether the defendant will "pose an unreasonable risk of danger to public safety … if treated in the community" is one suitability factor. (§ 1001.36, subd. (c)(4).) But the trial court's brief reference to "concerns of public safety" was overshadowed by its analysis of defendant's treatment history as the reason for the trial court denying his request for diversion.

The trial court's analysis, however, mirrored the analysis under section 1001.36, subdivision (f)(1)(A)(i). As mentioned, this looks at whether the trial court is overall "satisfied that the recommended inpatient or outpatient program of mental health

4

treatment will meet the specialized mental health treatment needs of the defendant."
(*Ibid*.) The trial court's analysis above establishes it was not satisfied the outpatient treatment program would meet defendant's needs and may have conflated that analysis with the suitability analysis. Specifically, defendant proposed a return to an Adult and Teen Challenge program and the trial court explicitly found "he engaged in Adult and Teen Challenge one time before[ and] relapsed shortly after his completion" so the trial court did not "think that he's a very good candidate for mental health diversion." Finding the treatment would not meet defendant's specialized health treatment needs is an appropriate basis to deny diversion, assuming there is no abuse of discretion with the analysis. (See *Olson v. Hornbrook Community Services Dist.* (2021) 68 Cal.App.5th 260, 268 [" ' "[W]e review the trial court's order, not its reasoning, and affirm an order if it is correct on any theory apparent from the record" ' "].)

With this understanding of the trial court's analysis, we find no abuse of discretion. Defendant's central contention for error is that the trial court cannot consider previous treatment performance in assessing the adequacy of the proposed treatment, citing *Sarmiento*. We disagree. The court in *Sarmiento* acknowledged a trial court analyzing its discretion under section 1001.36, subdivision (f)(1)(A)(i) "might reject diversion if it concluded that the proposed treatment services did not target or could not effectively address the defendant's particular diagnosis." (*Sarmiento v. Superior Court*, *supra*, 98 Cal.App.5th at p. 895.) But this was not satisfied in *Sarmiento* because the defendant's proposed treatment for underlying mental health diagnoses, coupled with substance abuse treatment, differed from prior failed drug treatment. (*Id*. at p. 894.) The court in *Sarmiento* explained: "[T]he alleged failure of *prior* drug treatment programs [said] nothing about any inadequacy of the *proposed* plan to address [the defendant's] mental health needs. Indeed, [the doctor's] evaluation specifically explain[ed] why the current proposal [was] significantly different from [the defendant's] prior substance abuse-only treatment efforts." (*Id*. at p. 895.)

Unlike in *Sarmiento*, defendant has failed to establish the proposed treatment plan was any different than the plan that originally failed to address his specialized health treatment needs. Defendant does not explain how returning to an Adult and Teen Challenge program would be different from his previous experience completing the same program. Defendant also failed to offer a "better exit strategy," despite acknowledging the need for one. Absent such evidence, the trial court finding defendant's return to an Adult and Teen Challenge program would not meet defendant's specialized mental health treatment needs because it failed to do so in the past—"[t]he past portends the future"— was not arbitrary or capricious.

Accordingly, the trial court did not abuse its discretion by denying defendant's request for mental health diversion.

## DISPOSITION

The judgment is affirmed.

/s/
ROBIE, J.

We concur:/s/
HULL, Acting P. J.

/s/
WISEMAN, J.*

---

\*      Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)


| | |
|---|---|
| THE PEOPLE,<br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>JOSEPH CHARLES RUSSO,<br>　　　Defendant and Appellant. | C103388<br><br>(Super. Ct. No. 24CF01675)<br><br>ORDER CERTIFYING OPINION FOR PUBLICATION |


　　　APPEAL from a judgment of the Superior Court of Siskiyou County, John W. Lawrence, Judge.  Affirmed.

　　　Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Darren K. Indermill and William C. Moine, Deputy Attorneys General, for Plaintiff and Respondent.

THE COURT:

The opinion in the above-entitled matter filed on May 22, 2026, was not certified for publication in the Official Reports.  For good cause, it now appears that the opinion should be published in the Official Reports and it is so ordered.

BY THE COURT:


/s/
ROBIE, J.


/s/
HULL, Acting P. J.


/s/
WISEMAN, J.*

---

*      Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

2